UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRES MUNEVAR VILLAMIZAR,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director of Enforcement and Removal Operations, Boston Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; U.S. DEPARTMENT OF HOMELAND SECURITY; and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br><br>Respondents. | Civil Action No. 1:25-cv-13853-IT |

MEMORANDUM & ORDER

December 23, 2025

TALWANI, D.J.

Petitioner Andres Munevar Villamizar, a citizen of Colombia, reports that he has resided in the United States since 2022. See Pet. ¶¶ 16, 23 [Doc. No. 1]. On December 2, 2025, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained Petitioner at ICE's Burlington, Massachusetts location when he arrived to "complete his mandatory ICE check in." Id. ¶¶ 1, 24. Petitioner is charged with entering the United States without admission or inspection pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Id. ¶ 3.

ICE transferred Petitioner to the Plymouth County Correctional Facility in Plymouth, Massachusetts, where he is presently detained. Id. ¶¶ 2, 28, 31. On December 11, 2025, an

immigration judge in the Chelmsford Immigration Court concluded that Petitioner is not eligible for custody redetermination (a "bond hearing") "pursuant to the Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)." Pet., Ex. 3, Dec. 12, 2025 Order of the Immigration Judge, at 1–2 [Doc. No. 1-3].

Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] on December 16, 2025, in which he asserts the following: (1) Petitioner is subject to detention under 8 U.S.C. § 1226(a), rather than under 8 U.S.C. § 1225, and is therefore entitled to a bond hearing; and (2) Respondents' detention of Petitioner without a bond hearing violates Petitioner's Fifth Amendment right to due process. See id. ¶¶ 52–58.

Respondents state that:

> [T]he legal issues presented in this Petition are similar to those most recently addressed by this Court in Cabello v. Moniz, et al., No. 25-13213-IT, 2025 WL 3295996, at **3–4 (D. Mass. Nov. 26, 2025) . . . as well as Doe v. Moniz, Civil Action No. 25-cv-12094-IT, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), [Elias] Escobar v. Hyde, Civil Action No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), and Maza v. Hyde, Civil Action No. 25-cv-12407-IT, -- F. Supp. 3d --, 2025 WL 2951922 (D. Mass. Oct. 20, 2025).

Opp'n 1 [Doc. No. 7]. Respondents therefore acknowledge that, should the court follow the reasoning of these prior decisions, "it would likely reach the same result here." Id. at 2.

Where the court finds the reasoning in Doe remains correct, and where nothing in the record indicates that Petitioner is detained under 8 U.S.C. § 1225 rather than under 8 U.S.C. § 1226, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows: No later than December 31, 2025, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the

immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

Respondents shall submit a status report on this matter no later than January 5, 2026.

IT IS SO ORDERED.

December 23, 2025                                                /s/ Indira Talwani
                                                                 United States District Judge